**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO.: 1:24-CR-39 (LAG) (TQL) |
| | : |
| MISTRY TROUTMAN, DEVERY SPENCE, DERRICK SPENCE, and MARCUS WRIGHT, | : |
| | : |
| Defendants. | : |

# **ORDER**

Before the Court is Government's Joint Motion to Continue Trial in the Interests of Justice (Motion to Continue), which is joined by all Defendants. (Doc. 48). Therein, the Government moves to continue the above-captioned case to a later date. (*Id.* at 1).

On October 8, 2024, Defendants Mistry Troutman, Devery Spence, Derrick Spence, and Marcus Wright were charged in six count indictment. (Doc. 1). Defendants Troutman and Wright were charged with two counts of wire fraud in violation of 18 U.S.C. § 1343, and Defendants Devery Spence and Derrick Spence were charged with one count of wire fraud in violation of 18 U.S.C. § 1343. (*Id.*). Defendants made their initial appearances on November 5, 2024, and they each pled not guilty. (*See* Docs. 27–34). All Defendants were released on bond. (Docs. 36–43). The Court entered an initial Scheduling Order setting the matter for trial on January 6, 2025, and setting the pretrial conference for December 30, 2024. (Doc. 45). The Government filed the Motion to Continue on December 19, 2024. (Doc. 48). Therein, the Government represents that it provided discovery to defense counsel on November 18, 2024, but "was informed that not all defense counsel have been able to access and therefore meaningfully review said discovery." (*Id.* ¶ 6). "As a result, counsel will not have an adequate opportunity to review discovery, conduct any required investigation, or negotiate a potential resolution of the case prior to the currently

set trial term." (*Id.*). The Government also represents that all Defendants join in the Motion to Continue. (*Id.* ¶ 7)

Upon due consideration, the Court finds that the "ends of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that failing to grant a continuance would result in a miscarriage of justice and deny all Defendants' Counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Accordingly, the Government's Motion (Doc. 48) is **GRANTED**, and the delay occasioned by this continuance shall be deemed **EXCLUDABLE** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

It is hereby **ORDERED** that the pretrial conference and trial in the above-captioned matter shall be **CONTINUED** to a date to be determined later. The deadlines in the Court's Scheduling Order (Doc. 45) are hereby terminated, and a new scheduling order will be forthcoming.

**SO ORDERED**, this 23rd day of December, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**