# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CASE NO.: 1:24-CR-39 (LAG) |
| : | |
| MISTRY TROUTMAN, DEVERY : | |
| SPENCE, DERRICK SPENCE, and : | |
| MARCUS WRIGHT, : | |
| : | |
| Defendants. : | |
| : | |

## **ORDER**

  Before the Court is Defendant Mistry Troutman's Unopposed Motion to Continue Trial in the Interest of Justice (Motion to Continue). (Doc. 55). Therein, Defendant Troutman moves to continue the above-captioned case to a later date. (*Id.* at 1).

  On October 8, 2024, Defendants Mistry Troutman, Devery Spence, Derrick Spence, and Marcus Wright were charged in six count indictment. (Doc. 1). Defendants Troutman and Wright were charged with two counts of wire fraud in violation of 18 U.S.C. § 1343, and Defendants Devery Spence and Derrick Spence were charged with one count of wire fraud in violation of 18 U.S.C. § 1343. (*Id.*). Defendants made their initial appearances on November 5, 2024, and they each pled not guilty. (*See* Docs. 27–34). All Defendants were released on bond. (Docs. 36–43). After the Court granted a continuance, the matter was set for trial on March 31, 2025, and the pretrial conference was set for February 28, 2025. (Docs. 52, 53). Defendant Troutman filed the Motion to Continue on February 21, 2025. (Doc. 55). Therein, Defendant represents that she "met with . . . [her] Counsel and Special Agent Robert Ransom, DOJ-OIG, to offer a proffer to assist with an ongoing investigation related to charges against Ms. Troutman." (*Id.* at 2). "The Government and [Defendant's] counsel, after consulting with Ms. Troutman, have agreed to resolve this case via a plea[,]" but "due to the scheduled proffer for Ms. Troutman and the fact that Ms. Troutman may qualify for a recommendation for a diversion, the parties

have not, yet, agreed to the terms of any agreement." (*Id.*). Thus, Defendant Troutman represents that "additional time is required for the government to determine whether, after Ms. Troutman's proffer, sufficient grounds exist to offer pre-trial diversion or, in the alternative, to offer plea terms that Ms. Troutman can consider." (*Id.* at 2–3). Defendant Troutman represents that the Government does not oppose the continuance. (*Id.* at 3). Defendant Troutman does not state whether her co-defendants, Defendants Devery Spence, Derrick Spence, and Marcus Wright, consent to the continuance. (*See id.*).

Defendant has not identified, nor is the Court aware of, a provision of 18 U.S.C. § 3161 that would support a continuance based on the anticipation of a defendant offering a proffer in a related investigation and entering into pre-trial diversion. (*See id.*). Furthermore, as the Supreme Court explained in *Zedner v. United States*, one of the primary intents of the Speedy Trial Act is to "serve the public interest" and "protect and promote speedy trial interests that go beyond the rights of the defendant[.]" 547 U.S. 489, 501 (2006). While § 3161(h)(2) of the Speedy Trial Act allows for the exclusion of a period of delay where there is a court-approved written order allowing pre-trial diversion, anticipation that the Defendant may resolve this case through pre-trial diversion generally is not a basis to overcome the public's interest in a speedy trial. Further, the Supreme Court explained that the purpose of ends-of-justice continuances was "to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." 547 U.S. at 508. The record does not reflect, nor has Defendant indicated, that this case is so unusual or complex that a continuance is necessary to avoid a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B). Finally, the lack of Government opposition is not sufficient to outweigh the public's interest in a speedy trial. *United States v. Ammar*, 842 F.3d 1203, 1206–07 (11th Cir. 2016) ("A finding that a continuance is justified solely because the parties agreed to it is not a proper ends-of-justice finding."). Accordingly, as it is not evident that "the ends of justice served by the granting of such a continuance outweigh the best interests of the public

and the [D]efendant in a speedy trial[,]" Defendant's Motion to Continue (Doc. 55) is **DENIED**. 18 U.S.C. § 3161(h)(7)(A).

       **SO ORDERED**, this 24th day of February, 2025.

                              /s/ Leslie A. Gardner
                              **LESLIE A. GARDNER, CHIEF JUDGE**
                              **UNITED STATES DISTRICT COURT**